## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MARI ROSA SEDA SÁNCHEZ,

        Plaintiff,

             v.                        CIVIL NO.: 19-1801 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## OPINION AND ORDER

### I.    Procedural and Factual Background

Pending before the court is Ms. Mari Rosa Seda Sánchez's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 17. On February 9, 2016, Plaintiff filed an application for Social Security benefits alleging that she initially became unable to work due to disability on April 30, 2008. Tr. 60.[1] Prior to filing an application for Social Security benefits, Plaintiff worked as a dental hygienist and masseuse. Tr. 67. Plaintiff met the insured status requirements of the Social Security Act through June 30, 2016. Tr. 62. Plaintiff's disability claim was denied on June 17, 2016, and upon reconsideration. Tr. 60.

Thereafter, Plaintiff requested a hearing which was held on December 12, 2018 before Administrative Law Judge Rosael Gautier ("the ALJ"). Tr. 60, 76-109. At the hearing, Plaintiff amended her alleged onset date of disability to July 1, 2014 ("the onset date"). Tr. 79. On February 13, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 68. Thereafter, Plaintiff requested review of the ALJ's decision. The Appeals Council denied

---

[1] "Tr." refers to the transcript of the record of proceedings.

Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1-6. Plaintiff filed a complaint on August 24, 2019. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 17, 20.

## II.    Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined

that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

**C. The ALJ's Decision**

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2016. Tr. 62. At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Id. At step two, the ALJ determined that Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome, malignant hypertension without heart failure, and hypothyroidism. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 64. Next, the ALJ determined that during the relevant period

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except: she could lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally. She could sit 6 hours in an 8-hour workday with normal breaks; stand and walk 6 hours in an 8-hour workday with normal breaks. She could never climb scaffolds, ladders, ropes and occasionally climb stairs and ramps. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant could frequently perform fingering, handling, and feeling bilaterally. She could never be exposed to unprotected heights; she could frequently tolerate the exposure to humidity, wetness, extreme heat, and extreme cold.

Tr. 64-65.[2] At step four, the ALJ presented Plaintiff's RFC limitations to a vocational expert who testified that Plaintiff could perform her past relevant work as a dental hygienist as she actually performed it and as it is generally performed in the national economy. Tr. 67, 107-09. Thus, the ALJ concluded that she was not disabled. Tr. 67-68.

---

[2] The term "constantly" is defined as occurring two-thirds or more of the time, "frequently" is defined as anywhere between one-third to two-thirds of the time, and "occasionally" is defined as very little up to one-third of the time. See Social Security Ruling 83–10, 1983 WL 31251, at *6.

### III.    Legal Analysis

Plaintiff objects to the ALJ's final decision denying her disability benefits on four grounds. First, Plaintiff alleges that the Appeals Council erred in denying review of the ALJ's decision. ECF No. 17, at 3. Next, Plaintiff claims that the ALJ's RFC determination is not supported by substantial evidence. Id. It is also alleged by Plaintiff that the ALJ did not properly consider her complaints of pain. Id. at 3, 5. Lastly, Plaintiff contends that the ALJ's step four determination that she can perform her past work as a dental hygienist is not supported by substantial evidence. Id.

### A. The Appeals Council

Plaintiff argues that the Appeals Council erred when it "refused to address the arguments presented in the request for review of the ALJ's decision in spite of having received additional pertinent medical evidence which supported the plaintiff's complaints since before the date last insured." ECF No. 17, at 3. If a claimant is dissatisfied with an ALJ's decision, she may request that the Appeals Council review it. 20 C.F.R. §§ 404.967, 416.1467. "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." Id. "[T]he Appeals Council will review a case if, among other conditions, it 'receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.'" Castro v. Saul, Civ. No. 19-120, 2020 WL 5088024, at *3 (D. Conn. Aug. 28, 2020) (citing 20 C.F.R. §§ 404.970(a)(5)).

A district court's review "is limited to determining whether the Appeals Council's conclusion constitutes 'an explicit mistake of law or other egregious error.'" Torres-Martínez v. Colvin, Civ. No. 16-30016, 2017 WL 1075072, at *9 (D. Mass. Mar. 21, 2017) (quoting

Anderson v. Colvin, Civ. No. 15-10480, 2016 WL 2605093, at *1 (D. Mass. Mar. 9, 2016)).

"This avenue of review has been described as exceedingly narrow." Kirby v. Astrue, Civ. No.

07-422, 2008 WL 2787926, at *10 (D.R.I. July 17, 2008). "Thus, a claimant can only prevail on

a challenge to such a decision if she can show 'that the Appeals Council was egregiously

mistaken in its decision to deny her request for review.'" Anderson, 2016 WL 2605093, at *6

(quoting Kirby, 2008 WL 2787926, at *11); Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001) ("an

Appeals Council refusal to review the ALJ may be reviewable where it gives an egregiously

mistaken ground for this action.").

  In the case at hand, Plaintiff submitted additional medical evidence to the Appeals

Council that is dated from December 17, 2018 to April 26, 2019. Tr. 1-53. The Appeals Council

concluded that the additional evidence was not germane to the relevant time period and it did not

affect the decision about whether Plaintiff was disabled through the date last insured on June 30,

2016. Tr. 2. Thus, the Appeals Council denied Plaintiff's request for review of the ALJ's

decision. Tr. 1. Plaintiff alleges that the additional evidence is pertinent to her claim, but she

does not identify the additional evidence with citations to the record or explain why this evidence

is material. ECF No. 17, at 3. Plaintiff has not provided any developed argumentation that the

additional evidence is material to show that she was disabled through the date last insured on

June 30, 2016.[3] ECF No. 17, at 3. Accordingly, Plaintiff's argument that the Appeals Council

erred is untenable because she has made no attempt to show that the Appeals Council was

egregiously mistaken in its denial of her request for review. Fuentes-Monge v. Colvin, Civ. No.

15-3027, 2017 WL 2610386, at *6 (D.P.R. July 16, 2017) ("Because [plaintiff] does not support

---

[3] Evidence is new "if it is not duplicative or cumulative" and material "if there is a reasonable possibility that it
would have changed the outcome." Ramón Reyes v. Comm'r of Soc. Sec., Civ. No. 18-1046, 2019 WL 1271466, at
*8 (D.P.R. Feb. 14, 2019) (citing Padilla v. Colvin, 525 F. App'x 710, 712 (10th Cir. 2013)).

this contention with citations to the record, explain why it was error for the Appeals Council to have decided not to review the ALJ's decision, and the record does not support this allegation, this argument is waived.").

### B. The ALJ's RFC Determination

Plaintiff argues that the ALJ's RFC determination that she could perform light work is not supported by substantial evidence. ECF No. 17, at 3. The ALJ is responsible for determining a claimant's RFC based on all the relevant evidence, including a claimant's medical record, the medical opinions, and a claimant's descriptions of her limitations. 20 C.F.R. §§ 404.1545, 404.1546. A claimant's RFC is the most she can do despite limitations from her impairments. Id. The claimant, however, has the burden of providing evidence to establish how her impairments limit her RFC. 42 U.S.C. § 423(d)(5)(A); Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001) ("The applicant has the burden of production and proof at the first four steps of the process.").

In reaching Plaintiff's RFC finding, the ALJ reasonably considered the medical evidence and opinions of record to find that she could perform a range of light work. Tr. 64-67. In May 2013, treating cardiologist Dr. Porfirio E. Díaz Torres ("Dr. Díaz") examined Plaintiff and diagnosed her with malignant heart disease without heart failure and postablative hypothyroidism. Tr. 794-95. Dr. Díaz, however, found that she had a normal appearance and did not have heart murmur, fainting, chest pain, chest tightness, or palpitations. Id. Plaintiff denied having tightness, pressure, or squeezing. Id. Plaintiff was treated with medication. Id. In November 2013, Dr. Díaz opined that an electrocardiogram revealed normal sinus rhythm. Tr. 792. Subsequent progress notes from Dr. Díaz reflected similar findings as Plaintiff did not

exhibit heart murmur, fainting, chest pain, chest tightness, or palpitations and electrocardiograms continued to show normal sinus rhythm.[4] Tr. 783-92, 841-42.

In December 2015, treating rheumatologist Dr. Luis F. García Jaunarena ("Dr. García Jaunarena") noted that Plaintiff reported low back pain, neck pain, and intractable and unresponsive pain. Tr. 924. Dr. García Jaunarena diagnosed Plaintiff with osteoarthritis but found that she had 4/5 strength in the lower and upper extremities and made no mention of specific functional restrictions. Tr. 924-25. Subsequent treatment notes from Dr. García Jaunarena exhibited similar findings.[5] Tr. 918-923. The ALJ noted that examining nuclear medicine specialist Dr. Carlos D. García ("Dr. García") conducted a three phase bone scan in January 2016 and found that Plaintiff had inflammatory/arthritic changes in the hands and left sacroiliitis. Tr. 66, 950. In March 2016, examining physical medicine and rehabilitation specialist Dr. Eric R. Javier ("Dr. Javier") reviewed an electromyography and opined that Plaintiff had carpal tunnel syndrome. Tr. 66, 845. The ALJ noted that in April 2016, treating general surgeon Dr. Laureano Jiraldes Casanovas ("Dr. Jiraldes") completed a thyroid disorders medical report in which he opined that Plaintiff had no related functional limitations. Tr. 915-17.

In May 2016, consultative examining internist Dr. Josely Carreras Hernández ("Dr. Carreras") conducted a physical examination where Plaintiff complained of pain all over her body and was found with back pain and cervical pain upon palpation. Tr. 937-98. Dr. Carreras observed Plaintiff with a normal gait, adequate muscle tone, and adequate neurological responses. Tr. 938-43. Dr. Carreras found that Plaintiff had 5/5 muscular strength in her hands and no manipulative restrictions as she was able to grip, grasp, pinch, finger tap,

---

[4] These progress notes refer to Dr. Díaz's treatment of Plaintiff in November 2013, May 2014, September 2014, and June 2015.
[5] These treatment notes refer to Dr. García Jaunarena's treatment of Plaintiff in February 2016, March 2016, and April 2016.

button a shirt, pick up a coin, and write. Tr. 941. Dr. Carreras also found that Plaintiff had a regular heart rate and rhythm, no murmurs, no gallops, and no rubs. Tr. 938. It was opined by Dr. Carreras that Plaintiff had no major restrictions of motion in her shoulders, elbows, and wrists. Tr. 943. The ALJ noted that a June 2016 bone densitometry study conducted by examining radiologist Dr. María M. Silva Coll ("Dr. Silva") showed osteopenia of the lumbar spine and dual femurs. Tr. 66, 1173. Plaintiff underwent right tarsal release surgery in June 2016. Tr. 66, 1122-24.

In June 2016, state agency consultant internist Dr. José Cuebas ("Dr. Cuebas") reviewed the record evidence and opined that Plaintiff could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. Tr. 477. Dr. Cuebas also opined that Plaintiff could stand, walk, or sit for a total of 6 hours in an 8-hour workday, and could push and pull with the same limitations for lifting and carrying. Tr. 477. Dr. Cuebas assessed several postural limitations such as finding that Plaintiff could only occasionally complete the following activities: climb ramps and stairs, climb ladders, balance, stoop, kneel, crouch, and crawl. Tr. 477-78. In September 2016, state agency consultant internist Dr. Vicente Sánchez ("Dr. Sánchez") reviewed the record upon reconsideration and concurred with Dr. Cuebas's opinion. Tr. 496-97. Dr. Sánchez also opined that Plaintiff had limited manipulative restrictions in handling and fingering. Id. The ALJ noted in his decision that while Plaintiff attended the hearing using a walking cane, she did not use it during the May 2016 consultative evaluation with Dr. Carreras who found that she had a normal gait and no atrophy. Tr. 67, 942.

The ALJ also noted that Plaintiff reported a wide range of activities which was not consistent with her reported limitations. Tr. 65. For example, Plaintiff testified that she attends the National University of Health Sciences in Illinois where she lives on campus. Tr. 93-95.

Plaintiff returns to Puerto Rico every fifteen weeks and stays for three to four weeks. Tr. 94. The ALJ also noted that in April 2016, examining consultative psychiatrist Dr. Eileen Torres indicated that Plaintiff reported that she enjoys camping with friends and practices meditation and yoga. Tr. 63, 281, 928.

Plaintiff argues, without more, that "there is no opinion of record which rebuts the assessments of these three physicians that the plaintiff is unable to work. Indeed, if the ALJ wanted to discredit the opinions of the Drs., he was required to obtain other medical evidence regarding the plaintiff's RFC." ECF No. 17, at 6. Plaintiff, however, does not disclose the names of the doctors that she refers to and does not provide any record citations in support of her claim. Plaintiff's argument is perfunctory and undeveloped and therefore is waived. See Hidalgo-Rosa v. Colvin, 40 F. Supp. 3d 240, 243 n.1 (D.P.R. 2014) (explaining that a claimant's undeveloped argument presented in a perfunctory fashion is deemed waived). Plaintiff's other argument that "[t]here were no consultative exams done in this claim" is undermined by the ALJ's discussion of Dr. Carreras' May 2016 consultative examination. ECF No. 17, at 5; Tr. 66-67, 937-43. The ALJ appropriately considered Plaintiff's daily activities and medical evidence and opinions of record in determining her RFC. Thus, the ALJ's RFC determination is supported by substantial evidence. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) ("We must affirm the Secretary's [determination], even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

**C. The ALJ's Consideration of the Avery Factors**

Plaintiff also claims that the ALJ erred by not properly considering her complaints of pain. ECF No. 17, at 3, 5. In evaluating a claimant's subjective complaints of pain, the ALJ must

consider the Avery factors. See Vargas-López v. Comm'r of Soc. Sec., 510 F. Supp. 2d 174, 180

(D.P.R. 2007). The Avery factors include:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) Treatment, other than medication, for relief of pain; (5) Functional restrictions; and (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 28 (1st Cir. 1986). The ALJ, however,

"need not slavishly discuss all factors relevant to analysis of a claimant's credibility and

complaints of pain in order to make a supportable credibility finding." Amaral v. Comm'r of

Soc. Sec., 797 F. Supp. 2d 154, 162 (D. Mass. 2010) (citations omitted).

In the case at bar, "[a]lthough the ALJ did not mechanically enumerate each factor, his

opinion and the transcript of the hearing show a full consideration of the factors." González v.

Comm'r of Soc. Sec., Civ. No. 14-1669, 2016 WL 1171511, at *3 (D.P.R. Mar. 24, 2016); see

Mercado v. Comm'r of Soc. Sec., 767 F. Supp. 2d 278, 285 (D.P.R. 2010) ("Generally, a failure

to address all of the Avery factors in the rationale of the final decision is cured if the factors are

discussed or considered at the administrative hearing."). Regarding the first factor, nature and

location of alleged pain, Plaintiff testified that she had pain in her back and hands. Tr. 88-93. It

was noted in the ALJ's decision that in May 2016, Dr. Carreras observed Plaintiff with back pain

and cervical pain upon palpation. Tr. 67, 937-38. With regard to the second factor, precipitating

and aggravating factors, Plaintiff testified that when she worked as a masseuse she had to put her

hands in ice every 15 minutes because they hurt too much. Tr. 88. Plaintiff also testified that her

pain worsened from standing or sitting for too long. Tr. 91-92. The ALJ considered the third

factor concerning Plaintiff's pain medication as she testified that she is taking the medication

Humira. Tr. 91.

Regarding the fourth factor, treatment other than medication, Plaintiff testified that she had undergone hand surgery to "help [her] with the pain" and the ALJ noted that Plaintiff underwent right tarsal release surgery in June 2016. Tr. 66, 90-91, 1122-23. The ALJ also considered the fifth factor, functional limitations, as Plaintiff testified that she can remain standing for approximately two to five minutes, she cannot lift more than ten pounds, and she cannot push a shopping cart. Tr. 92. Additionally, Plaintiff testified that she cannot walk long distances nor sit for long periods of time. Id. Regarding the sixth factor, activities of daily living, Plaintiff testified that she studies naturopathic medicine at National University of Health Sciences in Illinois where she lives on campus. Tr. 93-94. She returns to Puerto Rico every 15 weeks and she stays for three weeks at a time. Tr. 95. Plaintiff also testified that she prepares her own food and washes her own clothes, but her friend helps her clean the bathtub. Tr. 101. The ALJ also considered Dr. Torres's April 2016 evaluation that noted that Plaintiff reported that she enjoys camping with friends and practices meditation and yoga. Tr. 63, 281, 928. Thus, contrary to Plaintiff's argument, the ALJ considered Plaintiff's complaints of pain and the Avery factors in both the hearing and the decision. See Mercado, 767 F. Supp. 2d at 285.

### D. The ALJ's Step Four Determination

Lastly, Plaintiff argues that the ALJ's step four determination that she could perform her past work as a dental hygienist is not supported by substantial evidence. ECF No. 17, at 5-6. At step four of the sequential process, the ALJ assesses whether a claimant's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). A claimant retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job as she actually performed it or as generally required by employers throughout the national economy. See SSR 82-61, 1982 WL

31387 at *2; Ramos-Rodríguez v. Comm'r of Soc. Sec., Civ. No. 11-1323, 2012 WL 2120027, at

*5 (D.P.R. June 11, 2012) ("A claimant is in turn deemed capable of performing his past relevant

work if his RFC allows him to do the job '[e]ither as the claimant actually performed it or as

generally performed in the national economy.'" (citing 20 C.F.R. § 404.1560(b)(2))).

　　　　In the case at bar, the ALJ presented Plaintiff's RFC limitations to a vocational expert

("VE"). Tr. 107-08. The VE testified that a hypothetical individual with a similar RFC could

perform Plaintiff's past work as a dental hygienist. Id. Plaintiff argues that the ALJ's

hypothetical question to the VE was incomplete because it erroneously assumed that she could

perform light work. ECF No. 17, at 3, 5. As stated earlier, substantial evidence supports the

ALJ's RFC determination and Plaintiff cannot rehash her RFC argument at this final step. See

Gallant v. Berryhill, Civ. No. 16-308, 2017 WL 2731303, at *7 (D. Me. June 25, 2017). The ALJ

properly relied upon the VE's opinion to determine that Plaintiff was not disabled and his step

four determination is supported by substantial evidence. Tr. 67. See Colón v. Comm'r of Soc.

Sec., Civ. No. 09-1840, 2012 WL 2327969, at *4 (D.P.R. June 19, 2012).

**IV.　　Conclusion**

　　　　Based on the foregoing analysis, the court concludes that the decision of the Commissioner

that Plaintiff was not entitled to disability benefits was supported by substantial evidence.

Therefore, the Commissioner's decision is hereby AFFIRMED.

　　　　IT IS SO ORDERED.

　　　　In San Juan, Puerto Rico, this 4th day of March, 2021.

　　　　　　　　　　　　　　　　　　　　s/Marcos E. López
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge